UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRENCE KNIGHT BENOIT** | **CIVIL ACTION NO. 6:12-2856** |
| **LA. DOC #489486** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

On November 7, 2012, *pro se* petitioner Terrence Knight Benoit filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Petitioner attacks his convictions on multiple counts of possession of child pornography and his sentences totaling 116 years that were imposed by the Louisiana Sixteenth Judicial District Court for Iberia Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

PROCEDURAL HISTORY

This court's records demonstrate that on January 8, 2007, petitioner filed a previous federal petition for writ of *habeas corpus* in which he attacked the same

convictions and sentences which are the subject of the instant action. *See Terrence Benoit v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0039.[1]

On November 3, 2009, the undersigned recommended dismissal of the petition with prejudice because petitioner's claims for relief were procedurally defaulted, without merit or both. [*Id.* at rec. doc. 59]. After considering petitioner's objections to the Report and Recommendation, on December 3, 2009, Judge Haik dismissed the petition with prejudice. [*Id.* at rec. doc. 64]. On July 22, 2010, the United States Fifth Circuit Court of Appeals denied petitioner's request for a certificate of appealability. [*Id.* at rec. doc. 77; *Benoit v. Cain*, No. 09-31214 (5th Cir. 2009)].

On December 2, 2009, while his first federal *habeas* petition was still pending in this Court, petitioner filed another pleading which this Court construed as a second petition for writ of *habeas corpus*. In that action, petitioner again attacked his convictions and sentences for possession of child pornography entered in the Sixteenth Judicial District Court for Iberia Parish.[2] On April 1, 2010 that petition was dismissed

---

[1] Petitioner raised the following claims for relief : (1) the guilty plea was not knowingly, intelligently or voluntarily entered because there was no agreement as to sentence; (2) the plea was unlawfully induced by defense counsel; (3) the conviction was obtained by the use of evidence obtained pursuant to an unconstitutional arrest, search and seizure; (4) petitioner's confession was illegally obtained; (5) the prosecution failed to disclose favorable evidence; (6) violation of double jeopardy; (7) ineffective assistance of counsel; (8) consecutive sentences imposed violated the constitutions of the United States and the State of Louisiana; (9) the court erred when it denied petitioner's motion to withdraw guilty plea; and (10) petitioner was falsely arrested and therefore falsely imprisoned. [*Id.* at rec. doc. 59, pp. 1-2].

[2] Petitioner raised claims virtually identical to the claims for relief alleged in his first federal *habeas* petition, as well as several new claims not previously presented. Petitioner's claims are summarized as follows: (1) his guilty plea was involuntary; (2) his guilty plea was "unintelligently and involuntarily given;" (3) the imposition of consecutive sentences was unlawful; (4) the sentences were excessive; (5) the sentences were illegal; (6) the arrest was unlawful; (7) the affidavit supporting the arrest warrant was invalid; (8) petitioner's arrest, trial, conviction, sentence, and current incarceration are

without prejudice as a second and successive *habeas* petition filed without prior authorization of the United States Fifth Circuit Court of Appeals. *See Terrence Benoit v. Burl Cain, Warden*, Civil Action No. 6:09-cv-2094.

Petitioner filed the instant petition for writ of *habeas corpus* on November 7, 2012. Once again, petitioner attacks his Iberia Parish convictions and sentences for possession of child pornography.[3]

## LAW AND ANALYSIS

The instant petition is unquestionably a "second or successive" petition under 28 U.S.C. § 2244.[4] The instant petition is Benoit's third federal *habeas corpus* petition filed

---

illegal; (9) the District Court and Court of Appeals erred when they denied his *pro se* motions; (10) petitioner's arrest violated Rule 4(c)(3) of the "USCP;" (11) the warrantless search of his home was unreasonable; (12) the warrant was otherwise defective; (13) there were no exigent circumstances to validate the search and seizure and arrest; (14) probable cause was lacking; (15) the trial court erred when it denied petitioner's motion to reconsider sentence; (16) the court erred in admitting petitioner's confession; (17) the provisions of La. C.Cr.P. art. 768 were violated; (18) the trial court erred in denying petitioner's motion to suppress; (19) the rules of discovery were violated. [rec. doc. 1, pp.6-13].

[3]Petitioner asserted various claims including: (1) that his plea was involuntary and coerced, (2) that his convictions were obtained by use of evidence obtained in violation of the Fourth Amendment, (3) that evidence was obtained as a result of his unlawful arrest, (4) that his convictions were obtained in violation of his privilege against self incrimination, (5) that the State failed to disclose favorable evidence, (6) that his convictions violated the prohibition against double jeopardy, (7) ineffective assistance of counsel, (8) improper denial of petitioner's motion to withdraw his guilty plea, and (9) false arrest and imprisonment.

[4]As this Court previously held with respect to petitioner's second federal petition, AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals and the United States Supreme Court provide guidance in determining when a § 2254 petition should be considered second or successive for purposes of § 2244(b)(3).

The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, - - U.S. - -, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same

in this court, which attacks the same convictions and sentences that were the subject of his previous petitions. The claims raised herein either were or could have been raised in the previous petitions. Moreover, Benoit's first petition was adjudicated on the merits, and was denied and dismissed with prejudice by this court because the claims raised therein were either procedurally defaulted, without merit, or both.[5]

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in

---

judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[5] Although a dismissal of a claim based on the procedural default doctrine does not include an examination of the merits of the underlying substantive claim, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent motion is successive under AEDPA. *See Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) ("A federal *habeas* court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive."); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir.2005) *quoting Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990) ("the dismissal of a federal *habeas* petition on the ground of state procedural default is a determination 'on the merits' for the purposes of the successive petition doctrine."); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (the district court's dismissal of petitioner's original *habeas* petition for procedural default was a dismissal on the merits; therefore his current petition is a successive petition for a writ of *habeas corpus*.); *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (Since his initial §2254 application was dismissed for un-excused procedural default the dismissal was "on the merits," and therefore petitioner's current application is a "second or successive *habeas corpus* application" under § 2254(b)); *see also In re Bagwell*, 401 F.3d 312 (5th Cir. 2005).

accordance with 28 U.S.C. § 2244(b)(3)(A).[6] The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[7] Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

---

[6] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[7] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). In the instant case, petitioner asserts essentially the same claims that have previously been rejected by the Fifth Circuit in his first federal *habeas* petition. Under these circumstances, it would serve no purpose for this court to transfer this petition to the Fifth Circuit for additional review. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Lafayette, Louisiana, February 15, 2013.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 2/15/2013
By: MBD